J-A01022-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LEWIS VINCENT SYKES | : | |
| | : | |
| Appellant | : | No. 3456 EDA 2019 |

Appeal from the Order Entered November 12, 2019
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0005667-2015

BEFORE: BENDER, P.J.E., OLSON, J., and STRASSBURGER, J.[*]

MEMORANDUM BY OLSON, J.: **FILED: MARCH 15, 2021**

Appellant, Lewis Vincent Sykes, appeals from the order entered on November 12, 2019, dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

We briefly summarize the facts of this case as follows. On June 18, 2015, the victim was in her bedroom at the Montgomery County residence she shared with her mother. She awoke to find a man inside, without permission, peeking through her bedroom door. He left the residence and she called the police. Sometime later, the victim responded to noises in the living room and found Appellant cutting the window screen with his hand inside the window. The victim went outside, confronted Appellant, and video recorded the encounter on her cellular telephone. In the video, Appellant claimed to be a

_____

[*] Retired Senior Judge assigned to the Superior Court.

friend of the victim's mother and asserted that he had forgotten his cellular telephone inside the house. The victim called the police and gave them a description of Appellant, who had left the scene. While investigating, police saw Appellant and he fled. The police eventually apprehended Appellant on his porch, frantically trying to enter his residence. In a search of Appellant's person incident to his arrest, police recovered a jar of Vaseline petroleum jelly, black work gloves, and a full-length stocking from a pair of women's black stockings. The victim identified Appellant to the police as the man trying to enter her living room window.[1] Appellant's cellular telephone was not found inside the victim's residence.

Procedurally, this case progressed as follows:

Appellant proceeded to a bench trial on June 6, 2016. On June 7, 2016, the [trial] court convicted Appellant of three counts of criminal trespass and one count each of attempted burglary and criminal mischief.[2] The [trial] court sentenced Appellant on September 16, 2016, to an aggregate term of twenty-three (23) to fifty-six (56) years' incarceration [because prior to the current convictions, Appellant had been convicted twice of rape and Appellant's attempted burglary conviction constituted a third-strike offense]. Appellant filed no post-sentence motions and sought no direct review.

---

[1] The victim also claimed that Appellant was the person who had initially entered her home and looked through her bedroom window. The police were able to view video surveillance (that was subsequently erased) and believed "that the man, while matching the physical description, was not [Appellant]." Trial Court Opinion, 12/12/2017, a 2-3.

[2] 18 Pa.C.S.A. §§ 3503(a)(1)(ii), 3503(a)(1)(i) (2 counts), 3304(a)(5), and 901/3502(a)(1), respectively.

On March 3, 2017, Appellant timely filed his first *pro se* PCRA petition. The PCRA court appointed PCRA counsel on March 17, 2017. On May 23, 2017, Appellant filed an amended PCRA petition, asserting several claims of ineffective assistance of trial counsel and seeking reinstatement of his direct appeal rights *nunc pro tunc*.

The PCRA court conducted an evidentiary hearing on August 11, 2017. On September 26, 2017, the PCRA court granted relief in part and reinstated Appellant's direct appeal rights *nunc pro tunc*. [The PCRA court did not consider Appellant's ineffective assistance of counsel claims.[3]]

*Commonwealth v. Sykes*, 2018 WL 3405487, at *1 (Pa. Super. 2018) (footnote incorporated) (unpublished memorandum).

Thereafter, Appellant timely filed a direct appeal with this Court. Appellant claimed that the Commonwealth failed to produce sufficient identification evidence and generally failed to support his convictions with sufficient evidence. Appellant also argued that his convictions were against the weight of the evidence presented. On July 13, 2018, this Court adopted the trial court's opinion and affirmed Appellant's judgment of sentence in an unpublished memorandum decision. Relevant to the current appeal, in examining the trial court's decision on direct appeal, the prior panel of this Court noted:

(1) Appellant's cutting window screen, his possession of items which can be used to conceal identity, possession of Vaseline, flight from Victim and police, and spurious excuse constitute

---

[3] "[O]nce a PCRA court determines that a petitioner's right to direct appeal has been violated, the PCRA court is precluded from reaching the merits of other issues raised in the petition." *Commonwealth v. Harris*, 114 A.3d 1, 3–4 (Pa. Super. 2015) (citation omitted). "Rather, once the PCRA court finds that the petitioner's appellate rights have been abridged, it should grant leave to file a direct appeal and end its inquiry there." Id. at 4 (citation omitted).

sufficient evidence to establish Appellant intended to commit crime within Victim's home; to extent Appellant raises weight of evidence claim, Appellant waived that claim; Appellant did not request and PCRA court did not grant reinstatement of Appellant's post-sentence motion rights *nunc pro tunc*, and Appellant filed no post-sentence motions; (2-3) Victim credibly testified Appellant was individual who twice entered her house; based on record and court's credibility determinations, Appellant's claim cannot be basis for finding conviction against weight or sufficiency of evidence.

***Sykes***, 2018 WL 3405487, at *2. Appellant did not appeal this Court's decision to the Pennsylvania Supreme Court.

Appellant filed the current PCRA petition on July 2, 2019, asserting claims of ineffective assistance of trial counsel. The PCRA court held an evidentiary hearing on November 1, 2019. By order entered on November 12, 2019, the PCRA court dismissed Appellant's PCRA petition. This timely appeal resulted.[4]

_____

[4] Appellant filed a notice of appeal on December 3, 2019. On December 4, 2019, the PCRA court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant complied timely on December 23, 2019. The PCRA court issued an opinion pursuant to Pa.R.A.P. 1925(a) on January 30, 2020.

On appeal, the Commonwealth requested and received several extensions to file a brief with this Court, but still filed its appellate brief approximately two months late. On December 21, 2020, Appellant filed a motion to strike the Commonwealth's untimely brief. We decline to strike the Commonwealth's brief because Appellant was not prejudiced. We remind the Commonwealth, however, of its obligation to comply with our procedural rules, including briefing deadlines, as well as other orders of this Court.

Finally, on January 27, 2021, Appellant filed a motion to remand this case to the PCRA court to allow him to amend his Rule 1925(b) statement to address an issue in light of a decision from the United States District Court in the

On appeal, Appellant presents the following issues for our review:

I.   Whether Appellant's trial counsel was *per se* ineffective in proceeding with Appellant's trial without disclosing to Appellant that he was arrested in the same county for driving under the influence mere hours before the commencement of Appellant's trial?

II.  Whether Appellant's trial counsel was ineffective for failing[, adequately, to arrange] for the appearances of Appellant's material witnesses at Appellant's trial?

1. The [PCRA] court committed an error of fact in determining that Appellant's witnesses were not available and willing to testify.

2. The [PCRA] court committed errors of law and fact in determining that the absence of the witnesses was not so prejudicial as to have denied Appellant a fair trial.

Appellant's Brief at 4 (complete capitalization omitted).

We have stated:

_____

Eastern District of Pennsylvania, *Roselli v. Smith*, 2020 WL 6449267 (filed November 2, 2020). We decline to do so because Appellant did not raise the issue in his PCRA petition. *See Commonwealth v. Johnson*, 240 A.3d 179 (Pa. Super. 2020), *citing* Pa.R.Crim.P. 905(a) ("[Johnson] fails to point to any authority, and we can find none, which would permit the amendment of a PCRA petition that the PCRA court dismissed over eight months previously [and] it is long settled a PCRA petitioner must seek leave of PCRA court prior to filing a supplemental petition.); *see also Commonwealth v. Pitts*, 981 A.2d 875, 880 n.4 (Pa. 2009)("issue not raised in the proceedings below amounts to a serial PCRA petition on PCRA appeal"); *see also Commonwealth v. Coleman*, 19 A.3d 1111, 1118 (Pa. Super. 2011) (an appellant may not raise an issue for the first time in a Rule 1925(b) statement.) Because Appellant's claim predicated on *Roselli* was not raised before the PCRA court, Appellant may raise the issue *via* a subsequent PCRA petition, subject to the PCRA jurisdictional limitations. As such, we deny Appellant's instant request for remand, without prejudice, to allow him to raise his new issue in a subsequent PCRA petition, should he choose to do so.

> This Court's standard of review regarding an order dismissing a petition under the PCRA is to ascertain whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

*Commonwealth v. Larkin*, 235 A.3d 350, 355 (Pa. Super. 2020) (*en banc*) (citation omitted). Moreover, "[a] PCRA court passes on witness credibility at PCRA hearings, and its credibility determinations should be provided great deference by reviewing courts." *Commonwealth v. Johnson*, 966 A.2d 523, 539 (Pa. 2009) (citation omitted).

> In his first issue presented, Appellant claims

> mere hours before Appellant's trial began, Appellant's privately retained attorney [] was arrested in Montgomery County by the Montgomery Township Police Department and charged with Driving under the Influence of Drugs and Alcohol [(DUI)]. Specifically, [trial counsel] had a blood alcohol content of .177 and [a]mphetamines in his system, appeared impaired to the arresting officer, and had an open alcohol container in his car at the time of his arrest. [Trial counsel] proceeded with the bench trial without advising [Appellant] or the [trial] court of his recent arrest.

Appellant's Brief at 5 (record citation omitted). Appellant contends that, after sentencing in this matter, the Commonwealth provided him with the affidavit of probable cause for trial counsel's DUI arrest, as well as, a negotiated guilty plea agreement for reduced charges against trial counsel "with the same District Attorney's Office that prosecuted [] Appellant." *Id.* at 12. Accordingly, Appellant argues:

> failure [of] an attorney to disclose [an] arrest to his client, when both parties are facing actual or potential prosecution by the same district attorney's office, is *per se* ineffectiveness of counsel. In this case, [trial counsel's] decision to proceed to trial hours after his arrest for [DUI] in Montgomery County, without advising the

> Appellant of his arrest, made his representation of [] Appellant *per se* ineffective due to an actual conflict of interest between Appellant and his counsel, as both were facing criminal prosecution by the Montgomery County District Attorney's Office.

*Id.* at 16.

Regarding *per se* ineffective assistance of counsel claims, "the United States Supreme Court [has] categorized circumstances where the court will presume prejudice and the defendant need not prove it." **Commonwealth v. Diaz**, 183 A.3d 417, 422 (Pa. Super. 2018) (citation omitted), *affirmed*, 226 A.3d 995 (Pa. 2020). "The presumption is based on the High Court's recognition that there are some 'circumstances that are so likely to prejudice the accused that the cost of litigating their effect in a particular case is unjustified.'" **Id.** (citation omitted). Presumed prejudice in the context of *per se* trial counsel ineffectiveness "has been applied in three circumstances: where there was an actual or constructive denial of counsel, the state interfered with counsel's assistance, or counsel had an actual conflict of interest" and "is limited to situations where counsel's failure is complete, *i.e.*, where counsel has entirely failed to function as the client's advocate."[5] **Commonwealth v. Lawrence**, 165 A.3d 34, 46 (Pa. Super. 2017) (internal citations omitted).

Here, the PCRA court noted:

---

[5] In this case, as mentioned, Appellant argues only that trial counsel had an actual conflict of interest.

> [I]t is true that [Appellant's] trial counsel was arrested by [police within the jurisdiction of] the same District Attorney's Office [that] was prosecuting his client, but [trial counsel] was not facing charges at the time of [Appellant's] trial. […Appellant's] trial counsel testified that it was not until six weeks later that he faced charges and that the arrest had no bearing on his representation of [Appellant].

PCRA Court Opinion, 1/30/2020, at 7. The PCRA court determined that "[Appellant's] trial counsel credibly testified that his arrest did not have any impact on his ability to effectively represent [Appellant], which [wa]s substantiated by the fact that the Commonwealth, [Appellant], and [the trial court[6]] did not detect any effect of the arrest on trial counsel's performance[.]" *Id.* at 6. More specifically, the PCRA court noted that "[a]t trial, [Appellant] testified that he was satisfied with his trial counsel's performance [] and [the trial court] even praised [] trial counsel's cross-examination of the victim." *Id.* (record citations omitted).

Upon review, we conclude that the PCRA did not err or abuse its discretion in rejecting Appellant's claim alleging *per se* ineffective assistance of counsel. Initially, we note that Appellant does not cite legal precedent to support his proposition that an actual conflict of interest arises any time an attorney represents a criminal defendant in a county where that same attorney faces arrest and/or criminal charges in his or her own right.[7]

---

[6] The same judge presided over the trial and PCRA proceedings.

[7] Appellant solely cites a Third Circuit plurality decision, ***United States v. DeFalco***, 644 F.2d 132 (3ᵈ Cir. 1979). ***See*** Appellant's Brief at 16. However,

Moreover, our independent research has not revealed any Pennsylvania decisions finding *per se* ineffective assistance of counsel in those instances. Here, the PCRA court properly examined whether trial counsel had an actual conflict of interest when representing Appellant. Because trial counsel was not facing criminal charges for DUI at the time of Appellant's trial and the trial court credited counsel's testimony that his arrest did not affect his representation of Appellant in any way, the PCRA court concluded that there was no actual conflict of interest. We will not usurp that determination. Further, we are mindful that *per se* counsel ineffectiveness claims are limited to situations where counsel has completely failed to advocate on behalf of his client. In this matter, Appellant makes no such allegation. Hence, for all of the foregoing reasons, Appellant's claim of *per se* ineffective assistance of claim fails.

Next, Appellant argues that trial counsel was ineffective for failing to call two particular witnesses at trial. More specifically, "Appellant [] expected and believed that [trial counsel would summon witnesses who] would show the legitimate, non-criminal purposes" for the items in his possession at the time of his arrest: work gloves, a stocking, and a jar of Vaseline. Appellant's Brief at 6-7. Appellant's Brief. Appellant maintains that "despite the importance of

_____

"federal court decisions do not control the determinations of the Superior Court. Our law clearly states that, absent a United States Supreme Court pronouncement, the decisions of federal courts are not binding on Pennsylvania state courts[.]" **NASDAQ OMX PHLX, Inc. v. PennMont Sec.**, 52 A.3d 296, 303 (Pa. Super. 2012).

such explanations, no such witnesses, or any other witnesses, were called to testify on Appellant's behalf." *Id.* at 7.

First, Appellant claims that trial counsel failed to call "Appellant's [m]anager at Friendly's [Restaurant], Mauro Bignotti" to testify that Appellant was employed there at the time of his arrest. *Id.* at 13. At a PCRA evidentiary hearing, Bignotti testified that he was available to testify at trial that Appellant did not wear a uniform while he worked, but wore work gloves and what Bignotti described as a "sock" on his head when Appellant engaged in janitorial work and unloading trucks. *Id.* (record citation omitted). Next, Appellant argues that trial counsel was ineffective for failing to call his sister, Vanessa Sykes, as a trial witness. *Id.* at 13. At a PCRA evidentiary hearing, Vanessa Sykes claimed she was available to testify, but was never asked to do so by trial counsel. *Id.* at 15 (record citation omitted). She further testified that Appellant carries "a large container of Vaseline" on his person "all year round to treat his itchiness and dry skin." *Id.* (record citation omitted). Based upon the testimony of these two witnesses at the PCRA hearing, Appellant argues:

> Had the appearances of [the two aforementioned] witnesses been properly arranged, they would have been able to provide testimony at Appellant's trial regarding the gloves, stocking cap, and Vaseline that, left unexplained, plagued [] Appellant throughout his trial. Due to the importance placed upon these three items by both the Commonwealth and the trial judge to show criminal intent for the [b]urglary (*i.e.* a crime to be committed inside), the failure to have such witnesses provide testimony explaining [] Appellant's legitimate, reoccurring use of [the] items would have been helpful to the defense, beneficial under the circumstances of the case, and would have established

- 10 -

a reasonable probability that the outcome of the proceedings would have been different.

Appellant's Brief at 26-27. Appellant assails the PCRA court's findings that the witnesses were unavailable or unwilling to testify at trial and that Appellant was not otherwise prejudiced by their absence.

Our Supreme Court has stated:

To prevail on a claim that counsel was constitutionally ineffective, the defendant must overcome the presumption that counsel was effective by showing that: (1) the underlying substantive claim has arguable merit; (2) counsel whose effectiveness is being challenged did not have a reasonable basis for his or her actions or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's deficient performance.

\*　　　\*　　　\*

When raising a claim of ineffectiveness for the failure to call a potential witness, a petitioner [must establish] that: (1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew of, or should have known of, the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial. To demonstrate [] prejudice, a petitioner must show how the uncalled witnesses' testimony would have been beneficial under the circumstances of the case. Thus, counsel will not be found ineffective for failing to call a witness unless the petitioner can show that the witness's testimony would have been helpful to the defense. A failure to call a witness is not *per se* ineffective assistance of counsel for such decision usually involves matters of trial strategy.

**Commonwealth v. Sneed**, 45 A.3d 1096, 1106-1109 (Pa. 2012) (internal citations and quotations omitted).

Here, the PCRA court first determined that Appellant failed to prove that the witnesses were available or willing to testify at trial. With regard to

- 11 -

Appellant's manager, Mario Bignotti, the PCRA court found that Bignotti was the only manager available to work at the restaurant on the first day of Appellant's trial. Bignotti had a family emergency the second day of Appellant's trial. Therefore, the PCRA court determined he was unavailable as a trial witness. *See* PCRA Court Opinion, 1/30/2020, at 11-12. With regard to Vanessa Sykes, the PCRA court did not find her credible when she testified that trial counsel did not ask her to testify.[8] Instead, the PCRA court found trial counsel credible when he testified that Appellant's sister never responded to his witness request and, thus, she was unwilling to testify. *Id.* We discern no error, as the record supports the PCRA court's assessment.

In the alternative, the PCRA court determined "the absence of the witness testimony was not so prejudicial as to have denied [Appellant] a fair trial[.]" *Id.* at 12. The PCRA court opined that "although both witnesses spoke directly to providing explanations for the stocking cap, the work gloves, and the petroleum jelly found on [Appellant], none of the testimony provided at the evidentiary hearings was such that its absence could be said to have prejudiced [Appellant]." *Id.* at 14. The PCRA court concluded:

> The witnesses, at best, would have been called to assert the reasons, other than related to criminal intent, to have the items found on [Appellant] at the time of the offense. However, the victim['s identification of Appellant as the perpetrator of the

---

[8] More specifically, the PCRA court found Vanessa Sykes' testimony "riddled with significant credibility issues, not to mention [her] potential bias [] as a close member of [Appellant's] immediate family." PCRA Court Opinion, 1/30/2020, at 14.

attempted burglary] makes the [proffered] reasons supporting the possession of said items, even if believed, to be of no moment.

*Id.* at 16.

Again, we agree with the PCRA court's determination. Here, Appellant suggests that his convictions hinged on the evidence found on his person incident to his arrest and that trial counsel's failure to present witnesses to explain the innocuous nature of those items prejudiced him. However, when viewing the totality of the evidence presented, there was sufficient additional evidence to support Appellant's convictions. As set forth by a panel of this Court on direct appeal, the victim videotaped and confronted Appellant cutting her window screen. Moreover, we rejected Appellant's "spurious excuse" that he was a mere trespasser when caught attempting entry into the home under the auspice of retrieving his cellular telephone. We further recognized that following the incident Appellant fled when confronted by police, further showing his consciousness of guilt. As such, when taken all together, the absence of the proffered witness testimony was not so prejudicial as to have denied Appellant a fair trial.[9] Finally, there was no prejudice to Appellant since

---

[9] In addition, we note that Appellant concedes that "he stated during his elocution that he was only attempting to enter the apartment to retrieve his phone, and that the stocking cap and gloves were in his possession because of his work, and **his sister gave him the Vaseline right before he was stopped by the police in order to do his nephew's hair**." Appellant's Brief at 12, *citing* N.T. Sentencing Hearing, 9/16/2016, at 13. Appellant now relies upon his sister's PCRA evidentiary hearing testimony wherein she claimed that Appellant always carried a large container of Vaseline, on his person or in a backpack, for his own personal use. Because these contentions

the witnesses' testimony would not have precluded the Commonwealth's argument that the items are capable of multiple uses and could support intent to commit an offense even if they were regularly carried for other purposes, as well. For all of the foregoing reasons, Appellant's claim that trial counsel was ineffective for failing to call witnesses fails.

Order affirmed. Application to strike Commonwealth's brief denied. Application for remand denied without prejudice to pursuit of relief through future filings before the trial court.

Judge Strassburger did not participate in the consideration or decision of this case.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/15/21

---

are contradictory, we find further support for, and agree with, the PCRA court's determination that Vanessa Sykes was not credible. Her lack of trial testimony was not so prejudicial as to have denied Appellant a fair trial.